We move to the next case this morning, which is the United States v. Stewart. Good morning, counsel. This is the United States v. Stewart. Mr. Krasowski? Yes, sir. Good morning. Good morning to all. If you'll please the court, may I proceed? Yes, sir. Thank you. This case is here to decide the issue as to whether Mr. Stewart is properly classified as a career offender. The issue concerns a Wisconsin conviction that the United States Probation Office discovered in regards to their investigation. That conviction from Wisconsin, which per Wisconsin statutes encompassed the offensive party to a crime. It was a possession with intent to distribute less than one gram. He is Mr. Stewart at the time of the instant offense was 18 years of age and he had another prior conviction in federal court. So this Wisconsin conviction would have made him a career offender, which it did. The district court ruled that in referencing whether he's a career offender, that the language incorporated in reference to 4B1.2B indicated that that crime in Wisconsin was classified as a controlled substance offense. It is Mr. Stewart's assertion that it is not a controlled substance under the statutory meaning in regards to the 4B1.2B plain language does not indicate attempt offenses or parties to the crime or aiding and abetting. It should be noted that in the plain statute language of 4B1.2, crime of violence does include attempts or aiding and abetting. We believe because of because the application note. Yes, this is Judge Sykes. You're going to need to have to contend with our decision in the United States against Adams. Yes, I am. Decided this issue against you. That is correct. And it is a tough road to to to climb here. And I understand that. I will note that the Havis, the 6th District and Winstead do go against the Adams case. And I believe the court noted the Winstead case and the Havis case has since come out in regards to backing up the reasoning in Winstead. It is clear that in Adams that this circuit believes that the application note does not add anything or make the 4B1.2 and by reference 4B1.1 more broad. They view it as you do view it as inchoate offenses are part of what a controlled substance is. I would urge the court and I understand what I'm asking. I would urge the court to reconsider the logic in Adams for a couple of reasons. One, Adams, which is based upon Rupp, does indicate that are two matters which are concerning weapons. And even though they cite back to 4B1.1 controlled substance as the offense, so we're at the same point. I believe that a crime of violence is a different in regards to that because crimes of violence are defined by what was put in front of the United States Congress. I do not believe that even though a crime in practice may fit a controlled substance, it's the language that controls. And just because we may think of either inchoate or complete acts as being the same as far as a conviction in federal court, that is not always the case. I believe that the language being left out of what was presented to Congress and passed by Congress is important. If it wanted to be there, if they wanted it there, they would have had it there. I do note in Adams that you referenced the sentencing commission. And the sentencing commission has not yet ruled as far as I could tell in relation to my research as of a day or two ago. So in short, we believe, and Mr. Stewart asserts, that because the application note adds something that was not presented to Congress in the actual sentencing in 4B1.2, that it should not be given any statutory weight. So we would ask this court to remand this matter for resentencing. Thank you. Your counsel. Yes, Judge. May it please the court. My name is Georgia Alexides and I represent the United States. This court should affirm Mr. Stewart's sentence. District court correctly determined that he qualified the career offender. As recently as last year in Adams, this court held that the guidelines definition of a controlled substance offense includes aiding and abetting, participating in a conspiracy, and attempting such an offense. In reaching this conclusion, this court has explained that no inconsistency exists between application note one to guideline 4B1.2, which lists these inchoate offenses, and the text of guideline 4B1.2, which is silent on the subject of inchoate offenses. Adams also reached this decision, noting that it was confirmed by Raup, a 2012 decision by this court. Adams reached its decision after considering both Winstead by the D.C. Circuit and Havis by the Sixth Circuit, which hold a minority and contrary view to the circuit. And Adams and numerous courts have noted that the vast majority of federal courts and appeals that have ruled on this issue have reached the same conclusion as the Seventh Circuit, that inchoate offenses such as conspiracy, attempting, and aiding and abetting are within the definition of controlled substance offense under guideline 4B1.2. In light of this strong precedent, this court should again affirm defendant's sentence. Where Mr. Stewart pleaded guilty to Wisconsin statutes that criminalized possession with intent to distribute, manufacture, or deliver narcotics, and that encompassed liability for aiding and abetting in conspiracy, that conviction constituted a controlled substance offense within the meaning of the guidelines. Unless there are any questions from the panel, the government will rest on its brief. I don't believe so. Thank you. Peterski? We'll rest upon the brief and our argument, Your Honor. Thank you. All right. Thanks very much to both counsel and the case will be taken under advisement.